UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0160-B-5 |
| | § | |
| ADRIAN FARIAS-VALENCIA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Adrian Farias-Valencia's Motion for Compassionate Release (Doc. 249). For the reasons set forth below, the Court **DENIES** Farias-Valencia's Motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After Farias-Valencia pleaded guilty to conspiracy to possess a controlled substance with the intent to distribute and to illegal reentry, the Court sentenced him to 188 months of imprisonment, running consecutively with a sentence of 27 months imposed in a separate case (3:15-CR-207-B), for a total of 215 months total incarceration followed by 3 years of supervised release. Doc. 215, J., 1–3. Farias-Valencia is serving his sentence at the Lompoc U.S. Penitentiary ("Lompoc USP") and

-1-

is scheduled to be released in March 2029.¹ As of March 21, 2022, Lompoc USP reports zero active and 372 recovered cases of COVID-19 among its inmates.²

On February 23, 2022, Farias-Valencia filed this Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 249, Def.'s Mot., 1. The Court reviews Farias-Valencia's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Farias-Valencia's request for compassionate release because he has not shown extraordinary and compelling reasons for his release.

---

¹ The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited March 21, 2022).

² The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited March 21, 2022).

A.     *Farias-Valencia Has Demonstrated Proof of Exhaustion.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).[3]

Farias-Valencia filed the present motion on February 23, 2022. Doc. 249, Def.'s Mot. Attached to his motion is a letter, signed by the acting warden and dated June 24, 2021, stating that his request for compassionate release is denied. *Id.* at 22.[4] This evidence shows "the lapse of 30 days from the receipt of [a compassionate-release] request by the warden of the defendant's facility." § 3582(c)(1)(A). Thus, Farias-Valencia has demonstrated proof of exhaustion and the Court turns to the merits of his motion.

B.     *Farias-Valencia Has Not Demonstrated Extraordinary and Compelling Reasons for His Release.*

Farias-Valencia has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A)(i). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] When citing to the attachments to this motion, the Court uses the page numbers generated by the Court's electronic filing system.

sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

Before the First Step Act was passed, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[5] The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). However, § 1B1.13 and its "commentary . . . inform[] [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

Farias-Valencia's request is based on his medical conditions and the risk to his health posed by the COVID-19 pandemic. *See* Doc. 249, Def.'s Mot., 4–5, 8–13. Viewing Farias-Valencia's Motion in light of § 1B1.13 and applying its discretion, the Court concludes that Farias-Valencia has not shown "extraordinary and compelling reasons" for his release. *See* § 3582(c)(1)(A).

To begin, this Court considers the effects of the COVID-19 pandemic in light of a defendant's individual medical conditions and circumstances. *See, e.g.*, *United States v. Delgado*, 2020

---

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1(D).

WL 2542624, at *3 (N.D. Tex. May 19, 2020) ("[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements."). So, to the extent Farias-Valencia raises general concerns about the ongoing COVID-19 pandemic those concerns do not give rise to extraordinary and compelling circumstances. The Court does not discount the pandemic's effects on the nation or the virus's spread within federal prisons; however, generalized concerns about the spread of COVID-19 are not considered extraordinary and compelling reasons warranting release. *See Thompson*, 984 F.3d at 434.

Turning to Farias-Valencia's specific medical conditions, the Court finds that these do not rise to the level of "extraordinary and compelling" reasons for release, which:

> include when the defendant is . . . "suffering from a serious physical or medical condition, . . . a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Fowler*, 2020 WL 7408239, at *3 (N.D. Tex. Nov. 17, 2020) (second alteration in original) (quoting § 1B1.13 cmt. n.1(A)).

Farias-Valencia states that he "suffers from hypertension, diabetes, and asthma." Doc. 249, Def.'s Mot., 8. He has previously contracted COVID-19 and claims he suffers lingering shortness of breath even after having recovered from that illness. *Id*. He also claims he has been "diagnosed with asthma" and "is now on a PROAIR inhaler to try and control his asthma and issues with his respiration." *Id*. He avers that inmates "with . . . medical conditions . . . like the ones [he] suffers from . . . are far more likely to get severely ill from COVID-19." *Id*. While he has received at least one dose of a COVID-19 vaccine, *id*. at 35, and states that he is vaccinated, he remains concerned that if he becomes reinfected he "may experience an exacerbation of symptoms or worse." *Id*. at 8–9.

In support of his claims, Farias-Valencia has attached medical records substantiating his diagnoses of hypertension and Type II diabetes, and showing that he contracted and recovered from COVID-19 in March 2021. *Id.* at 37–38. However, some of the attached records indicate that his diabetes and hypertension are "mild" or in "remission." *Id.* at 30, 32, 37–38, 51–53. Moreover, the Court's review of the attached medical records does not substantiate Farias-Valencia's claimed asthma diagnosis, nor his claims that he suffers from persistent shortness of breath. *See id.* at 37–38 (listing "current," "remission," and "resolved" health conditions but not showing a diagnosis of asthma), 39–44 (reporting "No: . . . shortness of breath" at clinical screenings in March and April 2021, both before and after his COVID-19 diagnosis).

Considering the evidence submitted, the Court does not find that Farias-Valencia has shown that his medical conditions are so serious that he cannot provide self-care while incarcerated. *See* § 1B1.13 cmt. n.1(A). To the contrary, it appears his conditions are well-managed and do not constitute extraordinary and compelling circumstances justifying his release. *C.f. Thompson*, 984 F.3d at 434 (finding no error in a district court's decision that a defendant's well-managed and "commonplace" chronic health conditions were not extraordinary and compelling though they increased his risk of complications from COVID-19). Accordingly, and in its discretion, the Court **DENIES** Farias-Valencia's motion **WITHOUT PREJUDICE.**

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Farias-Valencia's Motion (Doc. 249) **WITHOUT PREJUDICE**. By denying Farias-Valencia's Motion without prejudice, the Court permits Farias-Valencia to file a subsequent motion for compassionate release in the event he can

provide evidence supporting a finding of extraordinary and compelling reasons for release. However, the Court notes that to the extent Farias-Valencia merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected. The Court also notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Farias-Valencia has not demonstrated extraordinary and compelling reasons for his release, the Court does not at this time consider whether the § 3553 factors would support a finding that he should be granted compassionate release.

**SO ORDERED**.

**SIGNED: March 23, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE